**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

| | |
|---|---|
| **DORAIN MCCOWIN**,<br><br>Plaintiff,<br><br>v.<br><br>**BLUE TEAL HOLDINGS, LLC**,<br><br>Defendant. | **Case No.: 7:26-cv-00063-O** |
| **CHRISTIAN MOSER**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**BLUE TEAL HOLDINGS, LLC**,<br><br>Defendant. | **Case No.: 7:26-cv-00069-O** |

**PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE**
**ACTIONS AND APPOINT INTERIM CLASS COUNSEL**

# TABLE OF CONTENTS


I. INTRODUCTION .......... 2

II. ARGUMENT AND AUTHORITIES .......... 2

A. Legal Standard for Consolidation .......... 2

B. The Related Actions Should be Consolidated .......... 3

C. Legal Standard for Appointment of Interim Class Counsel .......... 6

D. Appointment of Interim Class Counsel is Appropriate .......... 7

1. Proposed Interim Class Counsel Have Performed Substantial Work Investigating and Litigating the Claims to Date. .......... 8

2. Proposed Interim Class Counsel Possess the Necessary Experience, Skill, and Knowledge of the Law to Prosecute this Litigation. .......... 9

Proposed Interim Class Counsel .......... 9

Leanna A. Loginov of Shamis & Gentile, P.A. .......... 10

Jonathan Herrera of Federman & Sherwood .......... 12

3. Proposed Interim Class Counsel Have and Will Continue to Devote Sufficient Resources to this Case. .......... 14

4. Additional Factors Supporting Formal Designation of Proposed Interim Class Counsel. .......... 15

III. CONCLUSION .......... 15

# TABLE OF AUTHORITIES

## CASES

*Adedipe v. U.S. Bank, Nat. Ass'n*, No. CIV. 13-2687 JNE/JJK, 2014 WL 835174, at *3 (D. Minn. Mar. 4, 2014) ........ 8

*Arnold & Co., LLC v. David K. Young Consulting, LLC*, No. SA-13-CV-00146-DAE, 2013 WL 1411773, at *2 (W.D. Tex. Apr. 8, 2013) ........ 4, 6

*Balde v. Southwood Financial LLC*, Case No. 1:25-cv-01109 (E.D. Va. 2025) ........ 12

*Banda v. Integrated Specialty Coverages, LLC*, Case No. 3:25-cv-01741 (S.D. Cal., 2025)........11

*Bayati v. GWG Holdings, Inc.*, No. 3:22-CV-0410-B, 2023 WL 5925880, at *2 (N.D. Tex. Sept. 12, 2023) ........ 3, 4, 5

*Buettgen v. Harless*, 2011 U.S. Dist. LEXIS 53888, at *27 (N.D. Tex. May 19, 2011) ........ 9

*Buonasera v. Honest Co., Inc.*, 318 F.R.D. 17, 18 (S.D.N.Y. 2016) ........ 7

*Carr v. Oklahoma Student Loan Auth. et al.*, 2023 WL 6929850 (W.D. Okla. Oct. 19, 2023) .... 13

*Carr v. Oklahoma Student Loan Auth. et al.*, 2023 WL 6929853 (W.D. Okla. Oct. 19, 2023) .... 13

*Doe (S.M.A.) v. Salesforce, Inc.*, No. 3:23-CV-1040-B, 2023 WL 4108845, at *2 (N.D. Tex. June 20, 2023) ........ 6

*Dunn v. Complete Payroll Solutions, LLC*, Case No. 1:25-cv-30045 (D. Mass. 2025)........ 10

*Gabriel v. OneWest Bank FSB*, No. CIV.A. H-11-3356, 2012 WL 1158732, at *1 (S.D. Tex. Apr. 5, 2012) ........ 6

*Gabrielsen v. Duff Capital Investors, LLC*, Case No. 2:25-cv-00104 (S.D. Miss. 2025).............11

*Garcia v. Set Forth, Inc.*, Case No. 1:24-cv-11688 (ND. Ill. 2025)........11

*Gate Guard Servs. L.P. v. Solis*, No. CIV.A. V-10-91, 2011 WL 2784447, at *15 (S.D. Tex. July 12, 2011) ........ 6

*In re AACOM Data Breach Litigation*, Case No. 8:25-cv-01239 (D. Md. 2025)........ 12

*In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1013 (5th Cir. 1977) ........ 3

*In re Associated Radiologists of the Finger Lakes Data Breach Litigation*, No. 2026-5029 (2026) (Sup. Ct. of New York, Cty. of Chemung) ........ 13

*In re Brinker Data Incident Litig.*, 2021 WL 1405508, at *1 (M.D. Fla. Apr. 14, 2021) ............ 13

*In re Cardiology Associates Data Breach Litigation*, Case No. 02-CV-2025-900139

(Ala. Cir. Ct. 2025) ........ 12

*In re Cerner/Oracle Data Breach Litigation*, Case No. 25-cv-00259 (W.D. Mo. 2025)........ 11

*In re Columbia University Data Breach Litigation*, No. 1:25-cv-05541-PKC (S.D.N.Y.)........ 13

*In re DRT LLC Data Security Litigation*, Case No. 1:25-cv-00013 (S.D. Iowa 2025)........ 11

*In re Fundamental Administrative Services, LLC Data Breach Litigation*, Case No. 1:25-cv-02754 (D. Md. 2025) ........ 11

*In re IndyMac ERISA Litig*., No. CV0804579DDPVBKX, 2008 WL 11343122, at *2 (C.D. Cal. Oct. 7, 2008) ........ 8

*In re Lenovo Adware Litig*., No. 15-md-02624, 2015 WL 10890657, at *2 (N.D. Cal., Jul. 24, 2015) ........ 9

*In re Mednax Servs., Inc., Customer Data Sec. Breach Litig.*, 603 F. Supp. 3d 1183 (S.D. Fla. 2022) ........ 13

*In re MedQ, Inc. Data Breach Litig.*, No. 4:24-cv-00176, ECF No. 10 (E.D. Tex. ........ 13

*In re Mun. Derivatives Antitrust Litig*., 252 F.R.D. 184, 186 (S.D.N.Y. 2008). ........ 7

*In re Radiology Associates of Richmond Data Breach Litigation*, Case No. 3:25-cv-518 (E.D. Va. 2025) ........ 10

*In re Stanley Steemer International Data Breach Litigation*, Case No. 2:23-cv-03932 (S.D. Ohio) ........ 12

*In re The Business Council of New York State, Inc., Data Breach Litigation*, Case No. 908769-25 (Sup. Ct. Albany Cty. 2025) ........ 11

*In Re Tycon Medical Systems, Inc., Data Security Breach Litigation*, Case No. 2:25-cv-19 (E.D. Va. 2025) ........ 12

*JFP Servs., L.L.C. v. Torans*, No. SA-17-CV-00210-FB, 2017 WL 9362704, at *2 (W.D. Tex. Dec. 21, 2017) ........ 5

*Kaplan v. 21st Century Oncology Holdings*, No. 2:16-cv-210, 2016 WL 9383330, at *2 (M.D. Fla. July 21, 2016) ........ 4

*Kjessler v. Zaappaaz, Inc*., No. 4:17-CV-3064, 2018 WL 8755737, at *3 (S.D. Tex. Aug. 31, 2018) ........ 7

*Lochridge v. Quality Temp. Servs., Inc.*, 2023 WL 4303577 (E.D. Mich. June 30, 2023)........ 13

*Lockhart v. El Centro Del Barrio*, No. SA-23-CV-01156-JKP, 2024 WL 303253, at *2 (W.D. Tex. Jan. 25, 2024) ........ 4, 5

*Luera v. M/V Alberta*, 635 F.3d 181, 194 (5th Cir. 2011) .......... 3
*Maisonette v. University Diagnostic Medical Imaging, P.C.*, Case No. 803179/25E (Sup. Ct. Bronx Cty. 2025) .......... 11
Manual for Complex Litigation § 10.21 .......... 15
*Montambeault, et al v. Concord Orthopaedics Professional Association*, Case No. 217-2025-CV-00292 (N.H. 2025) .......... 11
*Nadeau v. Onsite Mammography, LLC*, Case No. 3:25-cv-11123 (D. Mass. 2025) .......... 10
*Nelson, Fowler, and Bass v. Arkansas Heart Hospital, LLC*, No. 60CV-25-3821 (2025 Ark., Pulaski Cty.) .......... 13
*Rose, et al. v. BHI Energy Services, LLC, et al.*, No. 1:23-cv-12513 (D. Mass.) .......... 14
*See In re Abri Credit Union Data Security Litigation*, No. 2026CH000004 (2026) (Cir. Ct. of Illinois, Cty. of Will) .......... 12
*St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983) .......... 3
*Staples v. Harbin Clinic, LLC, et al*, Case No. 4:25-cv-00130 (ND. Ga. 2025) .......... 11
*U.S. ex rel Frey v. Health Mgmt. Sys., Inc.*, No. 3:19-cv-1141-B, 2021 WL 9145414, at *2 (N.D. Tex. Mar. 15, 2021) .......... 4
*Wood v. Professional Resources Management of Crenshaw, LLC,* Case No. 03-cv-2025 (Ala. Cir. Ct. 2025) .......... 11
*Woods, et al. v. Albany ENT & Allergy Services, PC*, No. 904730 (N.Y. Sup. Ct. Albany Cnty.) 14
*Zolezzi v. Celadon Trucking Servs., Inc.*, No. CIV.A.H-08-3508, 2009 WL 736057, at *1 (S.D. Tex. Mar. 16, 2009) .......... 4, 5, 6

**OTHER AUTHORITIES**

Manual for Complex Litigation ("MCL") § 21.11 (4th ed. 2004) .......... 6
Manual for Complex Litigation § 10.221 .......... 9

**RULES**

Fed. R. Civ. P. 23 .......... 8
Fed. R. Civ. P. 23(g)(1)(A) .......... 7
Fed. R. Civ. P. 23(g)(1)(B) .......... 7

Fed. R. Civ. P. 23(g)(2) .................... 7
Fed. R. Civ. P. 23(g)(3) .................... 6, 7
Fed. R. Civ. P. 42(a) .................... 1, 2, 3

Plaintiffs in the above-captioned actions, Plaintiffs Dorain McCowin and Christian Moser ("Plaintiffs"), individually, and on behalf of all others similarly situated, respectfully request that the Court: (1) pursuant to Federal Rule of Civil Procedure 42(a), consolidate the above-styled actions into the first-filed *McCowin* action, as well as any other future actions filed or transferred related actions ("Related Actions") against Defendant Blue Teal Holdings, LLC ("Defendant" or "Blue Teal"); (2) appoint Leanna A. Loginov of Shamis & Gentile, P.A. ("Shamis & Gentile") and Jonathan Herrera of Federman & Sherwood ("Federman & Sherwood") as Interim Co-Lead Class Counsel (collectively, "Proposed Interim Class Counsel"); and (3) set a deadline for the filing of a single consolidated complaint ("Consolidated Complaint") within 30 days of entry of an order consolidating the cases, staying Defendant's response to the complaints in the individual Related Actions, and appointing leadership. Plaintiffs' counsel have conferred with Defense counsel about this motion and Defense counsel does not object to consolidation and takes no position as to the proposed interim class counsel. Thus, Plaintiffs' motion to consolidate actions and appoint interim class counsel is unopposed.

Consolidation of the Related Actions is appropriate under consideration of convenience, judicial economy, cost reduction, and the interests of the putative class. The Related Actions all pertain to a data breach that impacted Defendant's network systems. These cases arise from the same nucleus of common alleged facts, and all share the same common defendant. Each action also seeks to represent the same putative nationwide class. Consolidating the Related Actions for all purposes will promote the interests of judicial economy and convenience by streamlining the litigation, with no prejudice to the parties and the putative class.

For the reasons presented below, Plaintiffs respectfully request that the Court grant this motion in its entirety. A proposed order is submitted herewith.

## I. INTRODUCTION

Defendant is a commercial holding company with various interests in oil and gas companies in the state of Texas. As part of its business operations, Defendant collects, maintains, and stores personal information belonging to its clients.

Upon information and belief, on or around October 13, 2025, Defendant became aware of a security incident on its network and systems, and, during the incident, unauthorized cybercriminals gained access to and exfiltrated personally identifiable information ("PII") belonging to Defendant's clients, including, but not limited to, names, Social Security numbers, driver's license numbers, government-issued ID numbers (e.g. passports, state ID cards), and financial information (e.g. account numbers, credit or debit card numbers) (the "Data Breach"). On or around May 29, 2026, Defendant reported the Data Breach to the Attorney General of Texas website.

Plaintiffs learned of the Data Breach, and each decided to file their respective putative class actions following their receipt of notice letters. On June 2, 2026, Plaintiff Dorain McCowin commenced the first-filed action concerning the Data Breach. Thereafter, Plaintiff William Federman filed his action on June 3, 2026.[1] Finally, Plaintiff Christian Moser filed his action on June 17, 2026.[2] Following the filing of these cases, attorneys for Plaintiffs discussed potential consolidation and coordination of their respective actions.

## II. ARGUMENT AND AUTHORITIES

### A. Legal Standard for Consolidation

Federal Rule of Civil Procedure 42(a) provides:

If actions before the court involve a common question of law ***or*** fact, the court may:

---

[1] On July 1, 2026, Plaintiff William Federman filed his Notice of Voluntary Dismissal without Prejudice in the Federman Action, Case No. 7:26-cv-00064-O.

[2] Similarly, another action arising out of the Data Breach was filed in the Wichita County District Court on June 2, 2026. *Cantu v. Blue Teal Holdings, LLC*, No. DC30-CV2026-1085.

> (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

(emphasis added). "Rule 42(a) provides district courts with broad authority to consolidate actions that 'involve a common question of law or fact.'" *Luera v. M/V Alberta*, 635 F.3d 181, 194 (5th Cir. 2011) (quoting Fed. R. Civ. P. 42(a)); *see also In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1013 (5th Cir. 1977) ("The trial court's managerial power is especially strong and flexible in matters of consolidation.").

"The purpose of consolidation is to permit trial convenience and economy in administration." *Air Crash*, 549 F.2d at 1014 (citation omitted). Accordingly, "district judges have been urged to make good use of Rule 42(a) in order to expedite the trial and eliminate unnecessary repetition and confusion." *Id.* at 1013 (citation, quotations, and alterations omitted*); see also St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983) ("Consolidating actions in a district court is proper when the cases involve common questions of law and fact, and the district judge finds that it would avoid unnecessary costs or delay."). The following factors are pertinent to the decision of whether to consolidate actions:

> (1) whether the actions are pending before the same court; (2) whether the actions involve a common party; (3) any risk of prejudice or confusion from consolidation; (4) the risk of inconsistent adjudications of common factual or legal questions if the matters are tried separately; (5) whether consolidation will reduce the time and cost of trying the cases separately; and (6) whether the cases are at the same stage of preparation for trial.

*Bayati v. GWG Holdings, Inc.*, No. 3:22-CV-0410-B, 2023 WL 5925880, at *2 (N.D. Tex. Sept. 12, 2023).

### B. The Related Actions Should be Consolidated

The Related Actions involve common factual and legal questions as they arise from the same occurrence: the Data Breach. All relevant factors weigh in favor of consolidation, which will

promote efficiency and uniformity without prejudicing any party. The Court should therefore consolidate the Related Actions.

Courts have recognized that consolidation is appropriate where multiple actions arise from the same data breach event. *See, e.g.*, *Lockhart v. El Centro Del Barrio*, No. SA-23-CV-01156-JKP, 2024 WL 303253, at *2 (W.D. Tex. Jan. 25, 2024) (finding consolidation appropriate because "Plaintiffs are all patients of Defendant asserting causes of action based on the same data breach resulting from the same cyberattack"); *Kaplan v. 21st Century Oncology Holdings*, No. 2:16-cv-210, 2016 WL 9383330, at *2 (M.D. Fla. July 21, 2016) ("it is clear that common questions of law and fact permeate these cases [because] . . . all of the cases appear to arise from the same alleged" data privacy incident).

Because the Related Actions are filed in this District, the first factor guiding the Court's analysis weighs in favor of consolidation. *See U.S. ex rel Frey v. Health Mgmt. Sys., Inc.*, No. 3:19-cv-1141-B, 2021 WL 9145414, at *2 (N.D. Tex. Mar. 15, 2021) (first factor satisfied when "the cases are pending in the same court"); *Zolezzi v. Celadon Trucking Servs., Inc.*, No. CIV.A.H-08-3508, 2009 WL 736057, at *1 (S.D. Tex. Mar. 16, 2009) (first factor satisfied where both actions filed in same district and division).

The second factor is likewise satisfied because the Related Actions are against a common party and seek to certify a national class of similarly situated individuals whose PII was compromised in the Data Breach. *See Lockhart*, 2024 WL 303253, at *2 (fact that all cases filed on behalf of same class of data breach victims against same defendant supports consolidation); *Bayati*, 2023 WL 5925880, at *2 (consolidating actions filed on behalf of same proposed class against same defendant); *Arnold & Co., LLC v. David K. Young Consulting, LLC*, No. SA-13-CV-00146-DAE, 2013 WL 1411773, at *2 (W.D. Tex. Apr. 8, 2013) (ordering consolidation where

"[b]oth cases involve essentially the same parties").

The third and fourth factors favor consolidation as well. On one hand, trying the Related Actions separately would risk inconsistent findings and rulings in each case arising from the same Data Breach, brought on behalf of the same putative class of individuals affected. *See Lockhart*, 2024 WL 303253, at *2 (finding that "[c]onsolidation will ensure consistent rulings and promote judicial economy" where three cases asserted "causes of action based on the same data breach resulting from the same cyberattack"); *JFP Servs., L.L.C. v. Torans*, No. SA-17-CV-00210-FB, 2017 WL 9362704, at *2 (W.D. Tex. Dec. 21, 2017) ("In light of these common questions of law and fact, the Court finds there is a risk of inconsistent adjudication if the Court were to allow these cases to be tried separately before different judges[.]"). On the other hand, "[a]ny prejudice to the parties flowing from the consolidation would be minimal in comparison to these considerations." *Id.*; *see also Stoneeagle Servs., Inc. v. Gillman*, No. 3:11-CV-02408-P, 2014 WL 12577069, at *3 (N.D. Tex. Jan. 28, 2014) ("Given the substantial similarities among the facts and causes of action, the prospect of confusion incumbent on the fact finder will be nominal at best because these cases tell the same story[.]"); *Zolezzi*, 2009 WL 736057, at *2 ("[T]he court finds that the risk of prejudice or confusion if the cases are consolidated is minimal. This risk is, therefore, outweighed by the risk of inconsistent judgments should the cases be tried separately.").

Regarding the fifth factor, consolidating the Related Actions will certainly reduce the time and costs for all involved by eliminating the need for separate filings, discovery, settlement negotiations, hearings, and trials for cases arising from the same Data Breach. This factor thus weighs in favor of consolidation. *See Bayati*, 2023 WL 5925880, at *2 (where two actions "make nearly identical legal claims based on the same set of facts," and were "filed on behalf of the same proposed class," consolidation "would therefore promote judicial efficiency"); *Gate Guard Servs.*

*L.P. v. Solis*, No. CIV.A. V-10-91, 2011 WL 2784447, at *15 (S.D. Tex. July 12, 2011) (ordering consolidation where "the same factual and legal issues exist in both cases and consolidating the actions would be more efficient than litigating the two cases separately").

Finally, because all Related Actions are at the same early procedural stage—complaints are filed, but there have been no responsive pleadings, and no scheduling orders have been entered—the sixth factor weighs in favor of consolidation. *See Doe (S.M.A.) v. Salesforce, Inc.*, No. 3:23-CV-1040-B, 2023 WL 4108845, at *2 (N.D. Tex. June 20, 2023) (granting consolidation where cases at the same pre-trial stage); *Arnold & Co.*, 2013 WL 1411773, at *2 (ordering consolidation where "the cases were filed less than one month apart, no dispositive motions have been filed in either case, and very little discovery has occurred"); *Gabriel v. OneWest Bank FSB*, No. CIV.A. H-11-3356, 2012 WL 1158732, at *1 (S.D. Tex. Apr. 5, 2012) (ordering consolidation where "[n]either case has been set on schedule yet, so the litigation is at the same stage in both"); *Zolezzi*, 2009 WL 736057, at *2 (ordering consolidation where "both actions are at the early stages of litigation").

Accordingly, because all factors weigh in favor of consolidation, the Court should consolidate the Related Actions.

### C. Legal Standard for Appointment of Interim Class Counsel

Rule 23(g)(3) explicitly permits a court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual for Complex Litigation ("MCL") § 21.11 (4th ed. 2004).

When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Fed. R. Civ. P. 23(g)(1)(A). *See Kjessler v. Zaappaaz, Inc.*, No. 4:17-CV-3064, 2018 WL 8755737, at *3 (S.D. Tex. Aug. 31, 2018) (citing *Buonasera v. Honest Co., Inc.*, 318 F.R.D. 17, 18 (S.D.N.Y. 2016)); *In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008).) Under the rule, a court appointing class counsel must evaluate whether the proposed counsel will fairly and adequately represent the interests of the class. *See* Fed. R. Civ. P. 23(g)(2), (4). In doing so, a court must consider the following factors: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A), (2). A court, in its discretion, also may consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

### D. Appointment of Interim Class Counsel is Appropriate

Proposed Interim Class Counsel satisfy all the requirements for appointment by the Court under Fed. R. Civ. P. 23(g)(3). The attorneys and their firms have successfully litigated numerous class actions involving privacy claims on behalf of millions of consumers. Proposed Interim Class Counsel possess the necessary resources to prosecute this litigation, are working together collectively already, and will continue to work in this fashion to manage this litigation effectively and efficiently. Because Proposed Interim Class Counsel have the case-management and complex-litigation skills, experience, knowledge of the relevant facts and legal issues, and the extensive resources needed to efficiently prosecute this action on behalf of putative class members, the Court should grant Plaintiffs' motion. Proposed Interim Class Counsel's work, experience, knowledge,

resources, and successful track record litigating consumer data breach cases demonstrate that they are superbly qualified to represent the Proposed Class's interests under the factors enumerated in Fed. R. Civ. P. 23.

### 1. Proposed Interim Class Counsel Have Performed Substantial Work Investigating and Litigating the Claims to Date.

One factor courts consider is the work and resources counsel expend investigating the claims being asserted when appointing lead counsel. *See, e.g., Adedipe v. U.S. Bank, Nat. Ass'n*, No. CIV. 13-2687 JNE/JJK, 2014 WL 835174, at *3 (D. Minn. Mar. 4, 2014) (appointing interim class counsel because they "devoted the more substantial effort towards pre-suit investigation and identification of claims"); *In re IndyMac ERISA Litig.*, No. CV0804579DDPVBKX, 2008 WL 11343122, at *2 (C.D. Cal. Oct. 7, 2008) (same).

Here, immediately after the public announcement of the Data Breach, Proposed Interim Class Counsel began investigating potential legal claims and remedies for the victims of the breach. Those investigations included, among other things:

- Investigating the facts surrounding the Data Breach;
- Interviewing people injured by the Data Breach;
- Researching legal claims;
- Drafting initial pleadings; and
- Organizing Plaintiffs and their counsel and discussing consolidating the actions for unified proceedings and preparing the consolidation and proposed leadership papers.

Proposed Interim Class Counsel are familiar with the facts and legal issues involved in this case and they will continue their pursuit of the claims on behalf of Plaintiffs and the proposed class. Proposed Interim Class Counsel conducted the work necessary to prosecute this litigation, and stand ready, willing, and able to continue to devote all necessary effort and resources to

advance the claims of Plaintiffs and the putative class.

#### 2. Proposed Interim Class Counsel Possess the Necessary Experience, Skill, and Knowledge of the Law to Prosecute this Litigation.

A primary factor in selecting interim counsel is their experience, skill, knowledge, and familiarity with the relevant law. *See*, *e.g., Buettgen v. Harless*, 2011 U.S. Dist. LEXIS 53888, at *27 (N.D. Tex. May 19, 2011) (appointing class counsel with substantial experience in class actions and demonstrated knowledge of the relevant law). Proposed Interim Class Counsel have the experience and skill to prosecute this action efficiently and effectively. As set forth below, their resumes include extensive experience leading complex class actions, including data breach cases on behalf of hundreds of millions of consumers, and have been appointed to leadership positions in similar cases. They will formulate and present positions on substantive and procedural issues during the litigation. *See* Manual for Complex Litigation § 10.221 ("Typically [lead counsel] act for the group—either personally or by coordinating the efforts of others—in presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, conducting the principal examination of deponents, employing experts, arranging for support services, and seeing that schedules are met."). Courts have found that proposed leadership counsel's experience and service as lead counsel in prior cases is particularly persuasive. *See, e.g.*, *In re Lenovo Adware Litig*., No. 15-md-02624, 2015 WL 10890657, at *2 (N.D. Cal., Jul. 24, 2015) (finding class-action and complex litigation leadership experience relevant for appointment).

As demonstrated below, Proposed Interim Class Counsel each have substantial data breach class-action experience, resources, and knowledge that will undoubtedly benefit the putative class as this litigation proceeds.

**<u>Proposed Interim Class Counsel</u>**

***Leanna A. Loginov of Shamis & Gentile, P.A.***

Leanna A. Loginov is a Partner at Shamis & Gentile, and is the Chair of Shamis & Gentile's data privacy litigation department. Ms. Loginov has extensive experience in the realm of data privacy litigation, including actively litigating over a hundred data breach class actions throughout the country.

In connection with litigating class actions in state and federal courts nationwide, Ms. Loginov has been admitted to practice in numerous jurisdictions. She is permanently admitted to practice law in New York and New Jersey, as well as the U.S. District Courts for the Eastern, Northern and Southern Districts of New York, District of New Jersey, Northern and Central Districts of Illinois, the Northern, Southern, Eastern, and Western Districts of Texas, District of Maryland, Eastern District of Wisconsin, Eastern and Western Districts of Michigan, District of Nebraska, District of Colorado, Eastern District of Missouri, Northern District of Ohio, and Eastern District of Tennessee.

As Chair of Shamis & Gentile's data privacy department, Ms. Loginov has been appointed lead or co-lead counsel in several data breach class actions and has played a large role in successfully litigating data breach class actions from inception through court-approved settlement. Some of Ms. Loginov's achievements include:

- *Dunn v. Complete Payroll Solutions, LLC*, Case No. 1:25-cv-30045 (D. Mass. 2025) (Appointed Plaintiffs' Steering Committee);
- *Nadeau v. Onsite Mammography, LLC*, Case No. 3:25-cv-11123 (D. Mass. 2025) (Appointed to Plaintiffs' Executive Committee);
- *In re Radiology Associates of Richmond Data Breach Litigation*, Case No. 3:25-cv-518 (E.D. Va. 2025) (Appointed to Plaintiffs' Executive Committee);

- *In re DRT LLC Data Security Litigation*, Case No. 1:25-cv-00013 (S.D. Iowa 2025) (Appointed Interim Co-Lead Class Counsel);
- *In re Fundamental Administrative Services, LLC Data Breach Litigation*, Case No. 1:25-cv-02754 (D. Md. 2025) (Appointed Interim Co-Lead Counsel);
- *Gabrielsen v. Duff Capital Investors, LLC*, Case No. 2:25-cv-00104 (S.D. Miss. 2025) (Appointed Interim Class Counsel);
- *In re The Business Council of New York State, Inc., Data Breach Litigation*, Case No. 908769-25 (Sup. Ct. Albany Cty. 2025) (Appointed Interim Co-Lead Class Counsel);
- *Maisonette v. University Diagnostic Medical Imaging, P.C.*, Case No. 803179/25E (Sup. Ct. Bronx Cty. 2025) (Appointed as Co-Lead Interim Class Counsel);
- *Garcia v. Set Forth, Inc.*, Case No. 1:24-cv-11688 (ND. Ill. 2025) (Appointed to Plaintiffs' Steering Committee);
- *In re Cerner/Oracle Data Breach Litigation*, Case No. 25-cv-00259 (W.D. Mo. 2025) (Appointed to Plaintiffs' Executive Committee);
- *Montambeault, et al v. Concord Orthopaedics Professional Association*, Case No. 217-2025-CV-00292 (N.H. 2025) (Appointed Interim Lead Counsel);
- *Banda v. Integrated Specialty Coverages, LLC*, Case No. 3:25-cv-01741 (S.D. Cal., 2025) (Appointed Interim Co-Lead Counsel);
- *Wood v. Professional Resources Management of Crenshaw, LLC,* Case No. 03-cv-2025 (Ala. Cir. Ct. 2025) (Appointed Interim Co-Lead Class Counsel)
- *Staples v. Harbin Clinic, LLC, et al*, Case No. 4:25-cv-00130 (ND. Ga. 2025) (Appointed Interim Co-Lead Counsel);

- *Balde v. Southwood Financial LLC*, Case No. 1:25-cv-01109 (E.D. Va. 2025) (Appointed Interim Co-Lead Counsel);
- *In re AACOM Data Breach Litigation*, Case No. 8:25-cv-01239 (D. Md. 2025) (Appointed Interim Co-Lead Counsel);
- *In re Cardiology Associates Data Breach Litigation*, Case No. 02-CV-2025-900139 (Ala. Cir. Ct. 2025) (Appointed Interim Co-Lead Class Counsel);
- *In Re Tycon Medical Systems, Inc., Data Security Breach Litigation*, Case No. 2:25-cv-19 (E.D. Va. 2025) (Appointed Interim Co-Lead Counsel); and
- *In re Stanley Steemer International Data Breach Litigation*, Case No. 2:23-cv-03932 (S.D. Ohio), which received final approval for a settlement involving approximately 63,000 class members and a $700,000.00 non-reversionary settlement fund, on May 29, 2025.

Ms. Loginov has worked productively with Proposed Interim Co-Lead Class Counsel in many other cases. She is confident that this proposed leadership structure will result in an excellent recovery for all clients and Class members. A copy of Shamis & Gentile's firm resume, which includes additional information about Ms. Loginov is attached hereto as ***Exhibit A***.

***Jonathan Herrera of Federman & Sherwood***

Mr. Herrera is a member of this Court and is an experienced data privacy attorney with Federman & Sherwood, a national class action law firm that has been a trail blazer since 2007 in the data privacy ligation sector, obtaining millions of dollars of relief for data breach victims. Mr. Herrera brings ample experience working on the front line of many data breach cases at various stages of litigation and has been previously appointed as co-lead class counsel and plaintiffs' steering committee in similar data breach cases. *See In re Abri Credit Union Data Security Litigation*, No. 2026CH000004 (2026) (Cir. Ct. of Illinois, Cty. of Will) (appointed co-lead class

counsel); *In re Associated Radiologists of the Finger Lakes Data Breach Litigation*, No. 2026-5029 (2026) (Sup. Ct. of New York, Cty. of Chemung) (appointed to Plaintiffs' Steering Committee).

Not only does Mr. Herrera's wealth of knowledge in data privacy cases qualify him to serve as interim co-lead class counsel, but he has the resources and support of Federman & Sherwood. Federman & Sherwood has a proven track record of successful and persuasive briefing, thwarting numerous motions to dismiss in the data privacy context. *See, e.g.*, *Nelson, Fowler, and Bass v. Arkansas Heart Hospital, LLC*, No. 60CV-25-3821 (2025 Ark., Pulaski Cty.) (motion to dismiss denied and class certification granted over Defendant's objection); *Carr v. Oklahoma Student Loan Auth. et al.*, 2023 WL 6929850 (W.D. Okla. Oct. 19, 2023) (motion to dismiss granted in part and denied in part against the Oklahoma Student Loan Authority); *Carr v. Oklahoma Student Loan Auth. et al.*, 2023 WL 6929853 (W.D. Okla. Oct. 19, 2023) (motion to dismiss granted in part and denied in part against Nelnet Servicing, LLC); *Lochridge v. Quality Temp. Servs., Inc.*, 2023 WL 4303577 (E.D. Mich. June 30, 2023) (motion to dismiss granted in part and denied in part); *In re Mednax Servs., Inc., Customer Data Sec. Breach Litig.*, 603 F. Supp. 3d 1183 (S.D. Fla. 2022) (motion to dismiss denied in part and granted in part).

Due to Federman & Sherwood's early involvement in this area of law and its plethora of success, Federman & Sherwood has served as lead counsel or co-lead counsel in countless data breach lawsuits spanning across the nation, including: *In re MedQ, Inc. Data Breach Litig.*, No. 4:24-cv-00176, ECF No. 10 (E.D. Tex.) (interim co-lead class counsel); *In re Columbia University Data Breach Litigation*, No. 1:25-cv-05541-PKC (S.D.N.Y.) (interim co-lead class counsel); *In re Brinker Data Incident Litig.*, 2021 WL 1405508, at *1 (M.D. Fla. Apr. 14, 2021), vacated in part sub nom. *Green-Cooper v. Brinker Int'l, Inc.*, 73 F.4th 883 (11th Cir. 2023) (co-lead class counsel);

*Rose, et al. v. BHI Energy Services, LLC, et al.*, No. 1:23-cv-12513 (D. Mass.) (interim co-lead counsel); *Woods, et al. v. Albany ENT & Allergy Services, PC*, No. 904730 (N.Y. Sup. Ct. Albany Cnty.) (interim co-lead counsel).

Not only does Federman & Sherwood possess the requisite skill, knowledge, and experience, but it also has adequate financial resources to support the litigation. Due to its success as a prominent class action law firm, Federman & Sherwood has assisted in numerous cases, funding litigation expenses in excess of $1 million. Federman & Sherwood has both the financial resources and the staff to assist in resolving this case and does not use or rely upon third-party funding sources. Additional information regarding Mr. Herrera and Federman & Sherwood is detailed in the Federman & Sherwood Firm Résumé attached hereto as ***Exhibit B***.

**3. Proposed Interim Class Counsel Have and Will Continue to Devote Sufficient Resources to this Case.**

The resources that Proposed Interim Class Counsel have already committed and will continue to commit to the case also strongly support the appointment of Proposed Interim Class Counsel. As demonstrated above, Proposed Interim Class Counsel and their firms' resources are not merely financial, but also include substantial expertise and work-product developed in other similar cases, which will benefit Plaintiffs and the putative class. Proposed Interim Class Counsel's ability to draw from this well-developed repository of information will also allow them to streamline the litigation.

Each attorney understands the time, energy, and skill necessary to lead this litigation, and all have committed the resources required to ensure the effective and efficient representation of the putative class. Proposed Interim Class Counsel can, as needed, draw upon the skills and talents of experienced attorneys and staff members located across the country. In fact, Proposed Interim Class Counsel have already demonstrated their commitment to this litigation by devoting

substantial resources to it and coordinating among themselves to file this leadership proposal and to consolidate the Related Actions. And, as their firm resumes and counsels' experience indicate, Proposed Interim Class Counsel have the resources and capacity to see this litigation through to its conclusion, including trial.

If appointed, Proposed Interim Class Counsel will continue to commit the same resources and effort to this case as they have committed to other successful class action litigations and are equally committed to working cooperatively and efficiently for the benefit of the putative class.

#### 4. Additional Factors Supporting Formal Designation of Proposed Interim Class Counsel.

Another important consideration in selecting leadership is the ability to work well as a team, with opposing counsel, and with the Court. The role of leadership in complex litigation places a premium on professionalism, cooperation, courtesy, and acceptance of the obligations owed as officers of the Court, all of which are critical to the successful management of the litigation. *See* Manual for Complex Litigation § 10.21. Selecting lawyers who have previously worked together has many benefits and Proposed Interim Class Counsel are well suited to jointly prosecute the consolidated action because they have a history of working cooperatively and inclusively with themselves and other counsel, including defense counsel.

## III. <u>CONCLUSION</u>

For the reasons set forth above, Plaintiffs respectfully request the Court grant this Motion and enter an order: (1) consolidating the Related Actions and future actions into the first-filed action; (2) striking all pending deadlines in each of the Related Actions and staying each of the Related Actions, including any of the Defendant's responsive pleading deadlines; (3) consolidating any future-filed, transferred, or removed cases that arise out of the same subject matter as the Related Actions; (4) appointing Leanna A. Loginov of Shamis & Gentile and Jonathan Herrera of

Federman & Sherwood as Interim Co-Lead Class Counsel; and (5) setting a deadline to file the Consolidated Complaint 30 days after the Court's order consolidating the Related Actions and appointing leadership with Defendant's deadline to respond to the Consolidated Class Action Complaint 45 days after its filing.

Dated: July 1, 2026

Respectfully Submitted,

*/s/ Leanna A. Loginov*
Leanna A. Loginov
**SHAMIS & GENTILE, P.A.**
2626 Cole Avenue, Suite 300
Dallas, TX 75204
Tel: (305) 479-2299
E: lloginov@shamisgentile.com

Jonathan Herrera
**FEDERMAN & SHERWOOD**
4131 N. Central Expressway, Suite 900
Dallas, TX 75204
Tel: (800) 237-1277
E: jjh@federmanlaw.com

*Proposed Interim Co-Lead Counsel*

J. Gerard Stranch, IV (TN BPR 023045)
Grayson Wells (TN BPR 039658)
Sam Douthit (TN BPR 043065)
**STRANCH, JENNINGS & GARVEY, PLLC**
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel: (615) 254-8801
gstranch@stranchlaw.com
gwells@stranchlaw.com
sdouthit@stranchlaw.com

Jessica A. Wilkes
Anushe Zebal, Tex. Bar No. 24143548
**FEDERMAN & SHERWOOD**
4131 N. Central Expressway, Suite 900
Dallas, TX 75204

Tel: (800) 237-1277
E: jaw@federmanlaw.com
E: anz@federmanlaw.com

*Additional Counsel for Plaintiffs and the Proposed Class*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served upon all counsel of record for each party in the above-captioned actions sought to be consolidated and Defendant Counsel via electronic mail on this 1st day of July 2026.

*/s/ Leanna A. Loginov*
Leanna A. Loginov

**CERTIFICATE OF CONFERRAL**

I hereby certify that Plaintiffs' counsel have conferred with Defense counsel regarding the foregoing motion, and Defense counsel does not object to consolidation and takes no position as to the appointment of the proposed interim class counsel.

*/s/ Leanna A. Loginov*
Leanna A. Loginov